IN THE UNITED STATES DISTIRCT COURT
FOR THE DISTRICT OF DELAWARE

M. Denise Tolliver

        Plaintiff, Pro Se

v.                            No.  21 - 1768

Melanie J. Thompson (in individual and
official capacity)
and
Rushmore Loan Management Services, LLC
        Defendants

## COMPLAINT

This is a civil action brought under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681et.seq.; Equal Credit Opportunity Act ("ECOA") 15 U.S.C. 1691 et seq.; 42 USC §1982 ("Section 1982"), as well as, state claims: Breach of Contract, and violation of the duty of Good Faith and Fair Dealing.

VENUE

1. The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

PARTIES

2. Plaintiff M. Denise Tolliver ("Plaintiff) is a natural person residing in the State of Delaware, as defined by the FCRA, 15 U.S.C. § 1681a(c) and ECOA 15 USC § 1691a(f).

3. Defendant Melanie Thompson ("Thompson" or "Defendant") is a person as defined by the FCRA, 15 U.S.C. § 1681a(b) and creditor as defined by ECOA 15 U.S.C. 1691a(e).

4. Defendant Rushmore Loan Management Services, LLC, ("Rushmore" or "Defendant") is a person as defined by the FCRA, 15 U.S.C. § 1681a(b) and creditor as defined by ECOA 15 U.S.C. 1691a(e).

5. For service to each Defendant the relevant address is as follows:

   a) Thompson and Rushmore address is Orlans, PC, Attention: Melanie J. Thompson, Esq. 4250 Lancaster Pike, Suite 140, Wilmington, DE 19805.

   b) Rushmore is 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618.

SUMMARY OF FACTS

6. October 7, 2020, Rushmore knowingly provided inaccurate data to Credit Reporting Agency TransUnion. Specifically, Rushmore did not report Plaintiff's Trial Payment Plan ("TPP) which commenced on or about July 24, 2020. In *Pittman vs. Experian et al.*, the Sixth Circuit decided servicers are required to report a TPP.

7. Rushmore willfully provided to Plaintiff a predated February 17, 2021 Permanent Modification Agreement ("MOD") with an expired date to respond by and also, with an unaffordable rather than promised affordable monthly mortgage payment.

8. Under the MOD, Plaintiff's monthly mortgage payment increased from $638 up to $1,012; interest rate increased from 4% up to 5.75%; and principal balance increased from original note amount of $86,250 up to $114,741; to be repaid through Year 2055.

9. Rushmore valued Plaintiff's property at $80,000 and denied Plaintiff's additional requests for mortgage assistance on at least two occasions on May 19, 2021 and July 26, 2021.

10. Through current date, Rushmore has not provided a cognizable, unbiased accounting of payments totaling $21,338 taken from Plaintiff during the period of TPP from July 2020 to September 2021.

COUNT ONE
(Against Defendant Rushmore)
Violation of Fair Debt Collection Practices Act under
15 U.S.C. § 1692f(a)(1)
15 U.S.C. §1681n; and/or
15 U.S.C. §1681o

11. Plaintiff re-alleges paragraphs 1-10 as if fully set forth herein.

12. Defendant Rushmore willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq. and 15 U.S.C. § 1692 et seq.

13. October 7, 2020, Plaintiff was damaged by Defendant's inaccurate credit reporting whereby Plaintiff's credit score dropped 83 points; Defendant not reporting Plaintiff's TPP.

14. July 18, 2021, Plaintiff was damaged by adverse credit action, denial to refinance her auto loan to a lower interest rate because of Defendant's inaccurate credit reporting; Defendant not reporting Plaintiff's TPP.

## COUNT TWO
(Against All Defendants)
Violation of Equal Credit Opportunity Act under 15 U.S.C. § 1961 et seq. and Property rights of citizens under 42 U.S.C. § 1982 for Breach of Contract

15. Plaintiff re-alleges paragraphs 1-14 as if fully set forth herein.

16. Defendants willfully violated requirements imposed by 15 U.S.C. § 1961 and 42 U.S.C. § 1982.

17. Plaintiff observed at mediation events, Defendant Thompson in pattern and practice based on race whereby almost exclusively client/participants were Black and Brown people while others in similar capacity as to Defendant, were observed to have diverse clients.

18. Defendants, who made decisions adverse to Plaintiff because of her sex, effusively identify in writing, Plaintiff as an "Unmarried Woman".

## COUNT THREE
(Against All Defendants)
Breach of Contract and of The Implied Covenant of Good Faith and Fair Dealing

19. Plaintiff re-alleges paragraphs 1-18 as if fully set forth herein.

20. Under Delaware law, Plaintiff's relationship with Defendants included an implied covenant of good faith and fair dealing.

21. Plaintiff entered into a TPP on July 24, 2020 and timely made all payments as required plus additional monthly mortgage payments through April 1, 2021.

22. Defendant Rushmore did provide an "unenforceable" MOD predated February 17, 2021 that was issued past the date for Plaintiff to respond in 15 days.

23. Upon Plaintiff engaging an attorney, Defendants returned Plaintiff's April 1, 2021 payment to her attorney, required Plaintiff to submit a borrower assistance application, and over several months eventually at great expense to Plaintiff, executed the MOD unchanged signed and dated September 23, 2021 by Defendant Rushmore.

## PRAYER FOR RELIEF

Plaintiff demands a jury trial on all claims. WHEREFORE, Plaintiff respectfully demands relief as follows:

(a) Statutory Damages in amounts to be determined by the Court;

(b) Actual Damages

(c) Court fees and costs

(d) Punitive Damages

(e) Award of Plaintiff's fees and costs in this action;

(f) Any other relief the Court deems appropriate.

*M. [signature]*   12/17/2021
M. Denise Tolliver, Pro Se
109 Gardengate Road,
Camden, DE 19934-9649
mdtolliver@hotmail.com
(302) 242-1482