IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | : | |
| Plaintiff, | : : : | |
| v. | : : | Civil Action No. 21-1768-RGA |
| MELANIE J. THOMPSON, et al., | : : : | |
| Defendants. | : | |

M. Denise Tolliver, Camden, Delaware.   Pro Se Plaintiff.

John E. Tarburton, Esquire, Orlans PC, Wilmington, Delaware.   Counsel for Defendant Melanie J. Thompson.

Christina J. Pross, Esquire, Marinosci Law Group, Wilmington, Delaware.   Counsel for Defendant Rushmore Loan Management Services, LLC.

**MEMORANDUM OPINION**

August 9, 2022
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff M. Denise Tolliver appears *pro se*. She commenced this lawsuit on December 17, 2021 and alleges violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the Equal Credit Opportunity Act ("ECOA"), 42 U.S.C. § 1982, breach of contract, and violation of the duty of good faith and fair dealing. (D.I. 1). Before the Court are Defendants' motions to dismiss and motions to strike and Plaintiff's motion for default judgment and motion to quash. (D.I. 6, 8, 11, 13, 15, 16). The motions have been fully briefed.

I.  **BACKGROUND**

Plaintiff's complaint makes the following allegations. Plaintiff entered into a trial mortgage payment plan that began on July 24, 2020. (D.I. 1 at 2). On October 7, 2020, Defendant Rushmore Loan Management Services, which I infer is her loan servicer (*accord*, D.I. 7 at 1), knowingly provided inaccurate data to TransUnion when Rushmore did not report Plaintiff's trial payment plan. (*Id.* at 2). Rushmore "willfully provided" Plaintiff "a predated February 17, 2021 Permanent Modification Agreement ("MOD") with an expired date to respond by and . . . with an unaffordable" monthly mortgage payment when she had been promised an affordable mortgage payment. (*Id.*). Rushmore denied additional requests for mortgage assistance on May 19, 2021 and July 26, 2021. (*Id.*). Rushmore has not provided an "unbiased accounting" of her payments during the trial payment plan period from July 2020 to September 2021. (*Id.*).

Count One alleges that Rushmore violated the FDCPA under 15 U.S.C. § 1692f(a)(1) and the FCRA, 15 U.S.C. § 1681n and/or § 1681o, to when it willfully failed

1

to comply with the requirements imposed under both acts. She was damaged by a drop in her credit score and denied refinancing of her auto because of the inaccurate credit reporting. (*Id.* at 3).

Count Two is raised against Rushmore and Defendant Melanie J. Thompson, an attorney at Orlans, PC. (*Id.* at 2, 3). It alleges that Defendants willfully violated the requirements of the ECOA, 15 U.S.C. § 1961, and 42 U.S.C. § 1982 when Plaintiff saw Thompson engage "in [a] pattern and practice based on race whereby almost exclusively client/participants were Black and Brown people while others in a similar capacity as to Defendant, were observed to have diverse clients." (*Id.* at 3). Both Defendants "made decisions adverse to Plaintiff because of her sex," identifying her as an unmarried woman. (*Id.*).

Count Three is raised against both Defendants and alleges breach of contract and breach of the implied covenant of good faith and fair dealing under Delaware law when Plaintiff entered into the trial payment plan on July 24, 2020, made all payments as required and Rushmore then provided "an 'unenforceable' MOD predated February 17, 2021 that was issued past the date for Plaintiff to respond in 15 days," and, after Plaintiff retained counsel, several months later and at great expense, Rushmore executed the modification agreement unchanged on September 23, 2021. (*Id.* at 4).

Plaintiff seeks statutory, actual, and punitive damages. (*Id.*). Defendants move to dismiss.

## II.   LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to

2

plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is

plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

### A. Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*
### Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*

Rushmore moves to dismiss Count One for failure to state claims upon which relief can be granted. It notes that Plaintiff does not cite to any section or law that was violated and fails to provide any argument or factual basis that the FCRA or FDCPA were violated. (D.I. 12 at 1-3). Plaintiff responds that Rushmore "acted willfully and unlawfully" because her "'direct dispute'" and "'Trial Modification'" were never reported to TransUnion.

The Complaint invokes 15 U.S.C. § 1692f(a)(1), 15 U.S.C. § 1681n; and/or 15 U.S.C. § 1681o in an attempt to assert a claim under the FCRA and the FDCPA. 15 U.S.C. § 1692f(a)(1) does not exist. Probably, Plaintiff is referring to 15 U.S.C. § 1692f(1), which generally prohibits debt collectors from using unfair practices to collect debts. Sections 1681n and 1681o of the FCRA refer to civil liability for willful noncompliance and to civil liability for negligent noncompliance, respectively. The Complaint alleges that Rushmore willfully failed to comply with the requirements of the FCRA and the FDCPA and that inaccurate credit reporting damaged Plaintiff's credit score.

The FDCPA prohibits debt collectors from making false, deceptive, or misleading representations to collect a debt. *See* 15 U.S.C. § 1692(e). "A claim under the FDCPA 'may be brought . . . within one year from the date on which the violation occurs.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 148 (3d Cir. 2012) (quoting 15 U.S.C. §

4

1692k(d)). In the context of FDCPA claims, "communications from lenders to debtors [are analyzed] from the perspective of the 'least sophisticated debtor.'" *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011).

Plaintiff's claim under the FDCPA does not allege Rushmore engaged in unlawful practices to collect a debt from Plaintiff. Instead, Count One refers to providing inaccurate data to TransUnion, which is not a claim that states a cause of action under the FDCPA. If it were a claim, it would be time-barred. She alleges it occurred on October 7, 2020. She filed this suit on December 17, 2021, more than two months after the statute of limitations would have run.

With respect to the FCRA, the statute was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Stated slightly differently, the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011). To state a claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that "[s]he filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b), 1681n , and 1681o. The Complaint does not contain any allegations that

5

Plaintiff filed a notice of dispute regarding the alleged inaccurate data, and it thus fails to state a claim.

Count One of the Complaint does not adequately plead claims under either the FDCPA or the FCRA. There is no possibility that an amended complaint could plead a FDCPA violation within the statute of limitations, but it is at least possible that Plaintiff could do so in regard to the FCRA. Therefore, the Court will grant Rushmore's motion to dismiss Count I, but with leave to amend.

### B.   Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*

Defendants move to dismiss the ECOA claims raised in Count Two for failure to state claims upon which relief can be granted. Plaintiff alleges in a conclusory manner that Thompson is a creditor as defined by ECOA. The Complaint notes that Thompson can be reached at "Orlans, PC, Attention: Melanie J. Thompson, Esq." (D.I. 1 at 2). Conversely, Thompson argues that she is not a creditor; she is an attorney for Orlans PC, a law firm that represents mortgage lenders and servicers in the State of Delaware, and Plaintiff's claims relate to Thompson's representation of Rushmore in connection with a mortgage on Plaintiff's home. (D.I. 7 at 5). In turn, Plaintiff argues that Thompson "cannot avoid liability on the grounds that she is not a debt collector and/or creditor," and "Thompson is not exempt from compliance with federal law." (D.I. 10 at 3). Finally, Plaintiff argues that Defendants made decisions adverse to her because of her sex.

Under the ECOA, a creditor may not discriminate against any applicant on the "basis of race, color, . . ., sex or marital status." 15 U.S.C. § 1691(a). To state a claim under the ECOA, a plaintiff "must [allege] that (1) plaintiff was a member of a protected

class; (2) plaintiff applied for credit from the defendants; (3) plaintiff was qualified for the credit; and (4) despite qualification, plaintiff was denied credit." Chiang v. Veneman, 385 F.3d 256, 259 (3d Cir. 2004) Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 268 n. 5 (3d Cir. 2010) (cleaned up). A plaintiff may support an assertion of discrimination by showing that the defendant "has treated more favorably similarly situated persons not within the protected class." Jones v. School Dist. of Philadelphia, 198 F.3d 403, 413 (3d Cir. 1999).

Here, Plaintiff alleges that decisions were made based upon her sex and suggests race discrimination.  (D.I. 1 at 3).  The allegations are conclusory and insufficient to show that other similarly situated persons who are not members of a protected class were treated more favorably when they applied for a loan modification. See Stefanowicz v. SunTrust Mortgage, 765 F. App'x 766, 772 (3d Cir. 2019).

In addition, Thompson, as an attorney, does not meet the definition of a creditor. See Riethman v. Berry, 287 F.3d 274, 277 (3d Cir. 2002) (law firm was not a "creditor" subject to the ECOA); Lewis v. ACB Business Services, Inc., 135 F.3d 389, 408 (6th Cir. 1998) (attorney who represented creditor and debt collector acting on creditor's behalf was not "creditor"" within meaning of ECOA). .

Accordingly, Defendants' motions to dismiss this claim will be granted.  Plaintiff will be given leave to amend the claim against Rushmore.

### C.     42 U.S.C. § 1982

Defendants move to dismiss the § 1982 claim in Count Two for failure to state claims upon which relief can be granted.  Plaintiff argues that she has adequately alleged a § 1982 claim.

Count Two alleges that Defendants willfully violated § 1982 when Plaintiff saw Thompson at mediation events engaging in a pattern and practice based on race because Thompson's clients/participants were "Black and Brown people" while others in a similar capacity to Thompson had "diverse clients." She also alleges that adverse decisions were made based upon her sex.

42 U.S.C. § 1982 provides, "All citizens of the United States shall have the same right, in every state and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." The scope of a § 1982 claim is limited to cases of intentional race discrimination. *See Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617 (1987). To state a claim under § 1982, Plaintiff must allege that (1) she is a member of a racial minority; (2) she applied for and was qualified to rent or purchase certain property or housing; (3) she was rejected because of her race; and (4) the opportunity to purchase or rent remained open. *See Chauhan v. M. Alfieri Co.*, 707 F. Supp. 162, 165 (D.N.J.1988) (citing cases), *rev'd on other grounds*, 897 F.2d 123 (3d Cir.1990); *Gregory v. Hasara*, 1991 WL 53671, at *2 (E.D. Pa. Apr. 3, 1991).

The allegations in the Complaint fail to establish a prima facie case under § 1982. The allegations refer to a mortgage modification agreement and that Plaintiff was provided an opportunity to modify her mortgage payments. To the extent Plaintiff alleges sex discrimination, no claim can be stated because the statute only applies to race discrimination. To the extent Plaintiff alleges race discrimination, the claim nonetheless fails. As alleged, Defendants sought out minority clients. Plaintiff does not allege that she was denied the rental or purchase of any property.

Accordingly, the Court will grant Defendants' motions to dismiss the claim. Plaintiff will be given leave to amend the claim.

## IV.   BREACH OF CONTRACT
BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Defendants move to dismiss the supplemental claims raised in Count Three for failure to state claims upon which relief can be granted. Count Three alleges breach of contract and breach of the implied covenant of good faith and fair dealing.

To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) that a defendant breached an obligation imposed by the contract; and (3) that Plaintiff incurred damages as a result of the breach. *See VLIW Tech., LLC v. Hewlett-Packard, Co.*, 840 A.2d 606, 612 (Del. 2003). "To state a claim for breach of the implied covenant of good faith and fair dealing, [a plaintiff] must allege (1) a specific implied contractual obligation; (2) a breach of the obligation by the defendant; and (3) resulting damage to the plaintiff." *O'Neill v. AFS Holdings, LLC*, 2014 WL 626031, at *4 (Del. Super. Ct. Jan. 15, 2014) (quoting *Fitzgerald v. Cantor*, 1998 WL 842316, at *1 (Del. Ch. Nov. 10, 1998)). The implied covenant has a "narrow purpose" and is "only rarely invoked successfully." *O'Neill*, 2014 WL 626031, at *4. It is a doctrine "by which Delaware law cautiously supplies terms to fill gaps in the express provisions of a specific agreement." *Allen v. El Paso Pipeline GP Co., LLC*, 113 A.3d 167, 179–84 (Del. Ch. 2014).

Count Three is not adequately pled. The Complaint fails to allege the elements of a contract. For one thing it does not allege that Plaintiff had a contract with either Defendant. For another, assuming that the contract was the TPP, and that it was with

9

Rushmore, Plaintiff does not state a provision, either express or implied, that was breached. Plaintiff will be given leave to amend Count Three against Rushmore, since she may be able to state a claim against it.

## V.     CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 6, 11); (2) deny Plaintiff's motion for default judgment (D.I. 8) and motion to quash (D.I. 13); and (3) deny Rushmore's motions to strike (D.I. 15, 16). Plaintiff will be given leave to file an amended complaint.

A separate order shall issue.