IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M. DENISE TOLLIVER,

    Plaintiff,

v.

MELANIE J. THOMPSON, et al.,

    Defendants.

Civil Action No. 21-1768-RGA

## MEMORANDUM ORDER

At Wilmington this 20th day of March, 2023, having considered Plaintiff's request for leave to file a motion for injunctive relief (D.I. 22), Plaintiff's Second Amended Complaint, which was docketed as a motion to amend the amended complaint (D.I. 25), Plaintiff's request to file documents under seal (D.I. 23), Plaintiff's motion for injunctive relief (D.I. 26), and Plaintiff's request for the entry of default (D.I. 28);

    1.    Plaintiff filed her Complaint on December 17, 2021, claiming violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the Equal Credit Opportunity Act ("ECOA"), 42 U.S.C. § 1982, breach of contract, and violation of the duty of good faith and fair dealing. (D.I. 1). She named as Defendants Rushmore Loan Management Services and Melanie J. Thompson, an attorney at Orlans, PC.

    2.    On August 9, 2022, the Court granted Defendants' motions to dismiss. (D.I. 19, 20). Plaintiff was given leave until August 31, 2022, to file an amended complaint curing the deficiencies in her FCRA and ECOA claims against Rushmore,

and her § 1982 and breach-of-contract claims against both Defendants. Amendment was deemed futile as to all other claims.

3. On August 15, 2022, Plaintiff filed an amended complaint. (D.I. 21).

4. On August 22, 2022, she filed another Amended Complaint, which I will call the "Second Amended Complaint." She indicated it was meant to replace her August 15 amended complaint, and it was docketed as a motion to amend the amended complaint. (D.I. 25). The Second Amended Complaint contained FDCPA and FCRA claims against Rushmore, an ECOA claim against both Defendants, breach-of-contract claims against both Defendants, and a new claim under the Real Estate Settlement Procedures Act ("RESPA") against both Defendants. The RESPA claim was listed with the ECOA claim at Count 2, but the claim was not factually explained. Plaintiff also requested leave to file an exhibit to the Second Amended Complaint under seal because it contains an email she asserts is protected by attorney-client privilege. (D.I. 23).

5. On August 16, 2022, Plaintiff filed a request for leave to file a motion for injunctive relief (D.I. 22), and, on August 24, 2022, she filed a motion for injunctive relief under § 1982 (D.I. 26).

6. On September 21, 2022, Plaintiff filed a request for entry of default against Defendants. (D.I. 28).

7. On October 27, 2022, over two months after Plaintiff filed her Second Amended Complaint, Defendants filed a joint response, asserting that the Second Amended Complaint failed to state a claim and merely re-alleges the claims from the

original Complaint.  (D.I. 29).  Defendants did not address the motion for injunctive relief.

8.   The Court will accept the Second Amended Complaint (D.I. 25) as the operative pleading but will strike the FDCPA claim against Rushmore and the RESPA claim.  For reasons that are unclear, rather than including her § 1982 claim and request for injunctive relief in the Second Amended Complaint, Plaintiff filed them separately as a motion for injunctive relief.  The Court will deny the motion for injunctive relief, but, in light of the fact that it was filed before the August 31, 2022 deadline for Plaintiff to file an amended complaint, the Court will permit Plaintiff to file a third amended complaint incorporating into her Second Amended Complaint her amended § 1982 claim and request for injunctive relief, if she chooses to do so.

9.   The Court will strike Defendants' untimely and conclusory joint response.[1] Within 21 days of the filing of Plaintiff's third amended complaint, or the expiration of the time to file it, Defendants shall respond to the operative pleading, be it the Second Amended Complaint or a third amended complaint.

Now, therefore, IT IS HEREBY ORDERED that:

---

[1] As an example of the conclusory nature of Defendants' filing, in the Second Amended Complaint, Plaintiff references (albeit, without a citation), *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619 (6th Cir. 2018), wherein the Sixth Circuit concluded that, for purposes of an FCRA claim, the plaintiff could "show incomplete reporting on the part of the Servicers because [the plaintiff] had been granted a TPP and the Servicers did not report the existence of the TPP." *Id.* at 638.  In their joint response, Defendants assert that "the failure to report a trial payment plan is not a claim under the FCRA," (D.I. 29 at 4), without citing any authority or addressing *Pittman*.

1. Plaintiff's motion to amend the amended complaint (D.I. 25) is **GRANTED**, and the Second Amended Complaint is **ACCEPTED** as the operative pleading, with the FDCPA claim against Rushmore and the RESPA claim **STRICKEN**.

2. Plaintiff is given until on or before April 7, 2023 to file a third amended complaint incorporating the amended § 1982 claim and the request for injunctive relief from her motion for injunctive relief into the current Second Amended Complaint.

3. Plaintiff's request for leave to file a motion for injunctive relief (D.I. 22) and motion for injunctive relief (D.I. 26) are **DENIED**.

4. Plaintiff's request to file an exhibit to the Second Amended Complaint under seal (D.I. 23) is **DENIED**. On the face of the document, it is primarily correspondence between opposing parties. To the extent there is any attorney-client privilege, it is waived by Plaintiff's filing the document as evidence in this case. The document (D.I. 24) is **UNSEALED**.

5. Plaintiff's request for entry of default (D.I. 28) is **DENIED**. She had a pending motion to "replace" the complaint that Plaintiff states Defendants should have answered.

6. Defendants' joint response (D.I. 29) is **STRICKEN**.

_____
UNITED STATES DISTRICT JUDGE