IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 21-1768-RGA |
| | : | |
| MELANIE J. THOMPSON, et al., | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM ORDER**

Plaintiff, proceeding *pro se*, filed her Complaint on December 17, 2021, claiming violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the Equal Credit Opportunity Act ("ECOA"), 42 U.S.C. § 1982, breach of contract, and violation of the duty of good faith and fair dealing. (D.I. 1). She named as Defendants Rushmore Loan Management Services and Melanie J. Thompson, an attorney at Orlans, PC.

On August 9, 2022, the Court granted Defendants' motions to dismiss. (D.I. 19, 20). Plaintiff was given leave to file an amended complaint curing the deficiencies in her FCRA, ECOA, and breach of contract claims against Rushmore, and her § 1982 claim against both Defendants. Amendment was deemed futile as to all other claims.

Plaintiff's Third Amended Complaint is now the operative pleading. (D.I. 35). It contains the claims she was given leave to amend, as well as a claim for injunctive relief based on the FDCPA.

Defendants have filed a motion to dismiss the Third Amended Complaint for failure to state a claim. (D.I. 37). Plaintiff has filed a motion for judgment on the


pleadings (D.I. 41), a motion for a hearing on her injunctive relief claim (D.I. 47), a motion "to file" a subpoena to Wells Fargo (D.I. 50), and a motion for joinder under Fed. R. Civ. P. 19, seeking to add Wells Fargo as a defendant (D.I. 55). All motions are fully briefed.

## I.     LEGAL STANDARDS

### A.     Rule 12(b)(6)

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), I must accept all factual allegations in the pleading as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and the Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted."

*Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

      **B.**    **Rule 19**

Under Fed. R. Civ. P. 19(a), a party is necessary if, in the absence of the party, (1) complete relief cannot be afforded to the present parties, (2) the disposition of the action would impair the party's ability to protect its own interest, or (3) any of the present parties would be subject to a substantial risk of multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a).

> Translated, there are some persons, real or corporate, not a party to a suit who, for prudential reasons, should be joined in an action. Perhaps their absence prevents a court from awarding full relief to the existing parties. Or they claim to have an interest in the dispute that will be harmed by a judgment. Or a bit of both scenarios, meaning a judgment in their absence will create inconsistent obligations and still more litigation. If a federal court has power over these persons—that is, if they meet the jurisdictional prerequisite—they are "required" missing parties and must be joined.

*Epsilon Energy USA v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 229 (3d Cir. 2023).

**II.     DISCUSSION**

Defendants' brief in support of their motion to dismiss correctly recites the standard for dismissal pursuant to Rule 12(b)(6), noting that "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." (D.I. 38 at 7).

Defendants repeatedly decry the lack of "evidence" supporting Plaintiff's claims. In this vein, the opening paragraph of the argument section of the brief concludes: "Plaintiff's third amended complaint contains mere conclusory statements, without any evidence in support of these facts, and as such should be denied with prejudice for failure to state a claim upon which relief can be granted."  (*Id.* at 1).   Although it seems possible the repeated reference to "evidence, is merely a mistaken use of a term of art (*i.e.*, using "evidence" as a stand-in for facts pled with specificity as required under the pleading standard), such does not seem to be the case.

To state a claim under the FCRA against a furnisher of credit information, such as Defendant Rushmore, a plaintiff must allege that "[s]he filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information."   *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b), 1681n , and 1681o.   In arguing that Plaintiff failed to state a claim under

the FCRA against Rushmore,[1] Defendants argue that, although "Plaintiff states that she disputed the alleged inaccurate credit reporting with TransUnion before and after the filing of the instant action," she "offers no evidence in support of this statement, suggesting that Plaintiff expects the Court and Rushmore to accept this as true, based solely upon on her stating it as a fact."  (D.I. 38 at 2).   Plaintiff would be correct in expecting me to accept this factual allegation as true at this stage of the proceedings, given the standards cited above.

Moreover, Plaintiff's allegations are more specific than Defendants credit, given that she included the date on which she alleges that she disputed Rushmore's inaccurate credit reporting with TransUnion—September 21, 2021.   (D.I. 35 at ¶ 8). Furthermore, although no evidence is needed at the pleading stage, the Third Amended Complaint cites a letter Plaintiff received from TransUnion (*id*. at ¶ 10), a copy of which she submitted in an earlier pleading (D.I. 21 at 7-8), wherein TransUnion acknowledged receiving her dispute of Rushmore's reported information on September 21, 2021. Therein, TransUnion stated that it "investigated your dispute but did not change your information."   (*Id.*).   Plaintiff's allegations immediately continue: "Specifically, Rushmore did not report Plaintiff's Trial Payment Plan ("TTP") and payment history which commenced on or about July 24, 2020."   (D.I. 35 at ¶ 10).

Plaintiff alleged that she filed a notice of dispute with TransUnion, and by clear implication that TransUnion investigated by contacting Rushmore, and Rushmore failed

---

[1] Only Rushmore is named as a Defendant in Plaintiff's FCRA claim.

to investigate and modify the inaccurate information.   Defendants seem concerned that Plaintiff did not directly allege, "TransUnion notified Rushmore of the dispute," but such a concern is elevating form over substance and, of course, would be an allegation of which Plaintiff inherently cannot have personal knowledge at this stage of the proceedings.   All she knows is that she filed her notice of dispute with TransUnion, and TransUnion told her it had been investigated, presumably by contacting the furnisher of inaccurate information, Rushmore.   For these reasons, Defendants' motion to dismiss the FCRA claim against Rushmore will be denied.

Plaintiff's other active claims are under the ECOA, § 1982, and contract law. Plaintiff has failed to remedy the deficiencies in these claims I identified in the September 9, 2022 Memorandum Opinion and Order.   (D.I. 19, 20).   Accordingly, these claims will be dismissed.   Amendment is futile at this point.   Her claim for injunctive relief, which is unrelated to her FCRA claim and, indeed is based on alleged FDCPA claims that were already dismissed, will be dismissed.

Plaintiff's motion for judgment on the pleadings, which have not closed, and her motion for a hearing on her injunctive relief claim will be denied.

Plaintiff's motion to file a subpoena to Wells Fargo and motion for joinder seeking to add Wells Fargo will both be denied.   Plaintiff's proposed claims against Wells Fargo have nothing to do with this suit, generally, and nothing to do with Plaintiff's only surviving claim under the FCRA, specifically.

**III.    CONCLUSION**

At Wilmington this 26th day of March, 2024, having considered Defendants' motion to dismiss (D.I. 37), Plaintiff's motion for judgment on the pleadings (D.I. 41), Plaintiff's motion for a hearing on her injunctive relief claim (D.I. 47), Plaintiff's motion to file a subpoena to Wells Fargo (D.I. 50), and Plaintiff's motion for joinder (D.I. 55);

IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (D.I. 37) is **GRANTED in part and DENIED in part**.

2. The motion to dismiss is denied with respect to Plaintiff's FCRA claim against Defendant Rushmore.

3. The motion to dismiss is granted in all other respects. Amendment is futile.

4. Plaintiff's motion for judgment on the pleadings (D.I. 41), motion for a hearing on her injunctive relief claim (D.I. 47), motion to file a subpoena to Wells Fargo (D.I. 50), and motion for joinder (D.I. 55) are **DENIED**.

5. Defendant Rushmore shall file an answer to the FCRA claim within twenty-one (21) days of this Order.

/s/ Richard G. Andrews  
UNITED STATES DISTRICT JUDGE

7