IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M. Denise Tolliver,<br><br>          Plaintiff,<br><br>     v.<br><br>Rushmore Loan Management Services, LLC,<br><br>          Defendant. | Civil Action No. 21-01768-RGA |

MEMORANDUM ORDER

Before me are Plaintiff's and Defendant's motions for summary judgment. (D.I. 97, 98). I have considered the parties' briefing. (D.I. 97, 99, 103, 104, 105, 106). For the reasons set forth below, Plaintiff's motion is DENIED and Defendant's motion is GRANTED IN PART and DENIED IN PART.

Plaintiff asserts a claim under the Fair Credit Reporting Act (FCRA) against Defendant, a furnisher of credit information, pursuant to 15 U.S.C. § 1681s-2(b). (D.I. 35 at 6).[1] Plaintiff claims that Defendant failed to investigate and modify inaccurate information in response to notices of dispute that Plaintiff filed with TransUnion in September 2021 and July 2022. (*Id.*; D.I. 108 at 31, 34 of 66).

For Plaintiff to prevail at summary judgment under § 1681s-2(b) of the FCRA, Plaintiff must demonstrate that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher*

---

[1] Plaintiff asserted other claims, which I have since dismissed. (D.I. 59).

1

*Educ. Assistance Agency/Am. Educ. Servs.*, 2016 WL 3473347 at *6 (E.D. Pa. June 24, 2016). The parties do not dispute that the first two elements are met; thus, the only question is whether Defendant failed to investigate and modify the inaccurate information.[2]

The undisputed record shows that Defendant investigated and modified relevant inaccurate information in response to Plaintiff's July 2022 notice of dispute. (D.I. 99 at x, D.I. 108 at 31 of 66). Plaintiff does not appear to contest this in her answering brief. (D.I. 104). I will therefore grant summary judgment in favor of Defendant as to the July 2022 notice of dispute.

As to the September 2021 notice of dispute, the parties do not dispute that Plaintiff's mortgage loan was delinquent as of May 2020, when Plaintiff's loan was transferred to Defendant. (D.I. 99 at viii-ix; D.I. 104 at 2; D.I. 108 at 31 of 66). Rather, Plaintiff contends that her payments under a trial payment plan (TPP) should have been reported, pursuant to the FCRA, by Defendant to credit reporting agencies. (D.I. 97 at 17). Plaintiff cites *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619 (6th Cir. 2018), in support of her argument. The Sixth Circuit held, "[W]e think [Plaintiff] can show incomplete reporting on the part of the [Defendants] because [Plaintiff] had been granted a TPP and the [Defendants] did not report the existence of the TPP." *Id*. at 638. *Pittman* was decided in 2018, however, before the March 2020 passage of the CARES Act, which modified the FCRA. Under the CARES Act modification, furnishers of credit information are required, "if [a] credit obligation or account [is] delinquent

---

[2] In Plaintiff's answering brief, Plaintiff contends for the first time that Defendant misreported her name and mailing address in Defendant's communications with credit reporting agencies. (D.I. 104 at 6). The evidence in the record about the notices of dispute is that they do not raise any issue about the correctness of her name and mailing address. Plaintiff has not submitted any evidence that she filed any other notices of dispute as to these errors. Thus, these errors are not properly raised in this case. If they were properly raised in the case, however, I would nevertheless have to grant summary judgment in favor of Defendant since there is no evidence that they were raised as issues that Defendant needed to investigate and correct.

2

before [an] accommodation," to "maintain the delinquent status during the period in which [an] accommodation is in effect" until "the consumer brings the credit obligation or account current." 15 U.S.C. § 1681s-2(a)(1)(F)(ii)(II)(aa)-(bb). Since *Pittman* predates these new provisions of the FCRA, *Pittman's* holding is not applicable to the resolution of this case.[3] Defendant was not obligated to report Plaintiff's TPP to credit reporting agencies according to the plain language of the FCRA, and for this reason, I will deny Plaintiff's motion for summary judgment.

Defendant moves for summary judgment on the grounds that the CARES Act prevented Defendant from reporting Plaintiff's account as current until Defendant "booked" Plaintiff's permanent loan modification agreement in October of 2021. According to Defendant's own timeline, Plaintiff's counsel delivered to Defendant the signed permanent loan modification agreement on September 8, 2021 along with sufficient funds to make up for missed payments up until that date. (D.I. 99 at ix). Plaintiff filed her dispute with TransUnion on September 22, 2021. (*Id.*). Defendant countersigned the permanent loan modification agreement on September 23, 2021. (*Id.*). On September 30, 2021, Defendant failed to report that Plaintiff had become current on her payments to TransUnion in response to the September 23rd notice of dispute. Defendant claims that the September 30th response was accurate because Plaintiff's "loan remained in default status until the permanent modification was countersigned and booked by [Defendant] in October of 2021, after which it was reported to Trans[U]nion as current." (D.I. 99 at 2-3). Defendant provides no further explanation as to why it could not have reported that Plaintiff was current on her payments to TransUnion on September 30, 2021, a full week after Defendant had

---

[3] Even if *Pittman* were applicable to this case, it would not compel me to rule in favor of Plaintiff at the summary judgment stage. In *Pittman*, the Sixth Circuit simply ruled that the district court's grant of summary judgment in favor of the defendants was erroneous, as "the question of reasonableness of the investigations is a question for the trier of fact to resolve." *Pittman*, 901 F.3d at 639.

countersigned the permanent loan modification agreement.[4] I think that a reasonable juror could therefore find that Defendant had failed to adequately "investigate and modify the inaccurate information." *Harris*, 2016 WL 3473347 at *6. I will deny Defendant's summary judgment motion on this point.

Defendant separately argues that Plaintiff cannot make a showing of a negligent or willful violation of the FCRA. (D.I. 99 at 8). Defendant's argument hinges upon its assertion that Plaintiff cannot establish the existence of any inaccurate reporting by Defendant and an *ipse dixit* claim that Defendant's "actions were the result of careful deliberation and consideration of the FCRA and CARES Act, as well as [Plaintiff's] complaints and concerns." (D.I. 99 at 9).[5] As I have just noted, however, Defendant provides no explanation as to why it did not report that Plaintiff was current on her payments until on or after October 1, 2021, save that Defendant had not yet "booked" the loan by that date. (*Id.* at 2-3). Defendant had countersigned Plaintiff's offer on September 23, 2021, however, and I think that a reasonable juror could find that Defendant had thus acted negligently or willfully in not investigating and modifying the improper information in its September 30, 2021 response to TransUnion's notice of dispute.

Defendant argues that Plaintiff does not have a viable FRCA claim, because Plaintiff is unable to establish a causal relationship between Defendant's alleged inaccurate credit report and any damages suffered by Plaintiff. Specifically, Defendant states that Plaintiff "argues that she

---

[4] It seems that Defendant's argument that its September 30th response was accurate relies completely on the assertion that it took more than a week to "book" the loan modification. Defendant does not explain what "booking" involves, how long it takes, and why it is necessary. A reasonable juror could find that some of Defendant's agents knew on September 23rd that the loan was current. The reasonableness of the right hand not knowing what the left hand knew will be a question for the jury.

[5] There is no citation for the assertion of "careful deliberation and consideration." Indeed, there is no declaration or anything similar about how Defendant operates, either in general or in this particular case.

was injured by her credit score allegedly falling by 83 points in October of 2020 [sic], which she attributes to inaccurate reporting by [Defendant.] However, her October 2020 [sic] credit score after this alleged decline is comparable to her June 25, 2020 credit score, ***before*** [Defendant] began reporting her loan." (D.I. 99 at 10). As evidence, Defendant attaches a credit score report that was run on Plaintiff in June of 2020. (D.I. 108 at 38). It is unclear to me why Defendant asserts that Plaintiff's credit score in October 2020 is relevant. In her Third Amended Complaint, Plaintiff states that the relevant month and year when Plaintiff suffered damages was October of 2021 (D.I. 35 at 6), and Defendant elsewhere in its brief refers to its actions in September and October of 2021. (D.I. 99 at 2-3). This makes sense, as Plaintiff filed her notice of dispute in September 2021. (D.I. 108 at 34). Whatever Plaintiff's credit score may have been in June and October of 2020 is not relevant in determining whether there is any dispute of material fact as to whether Plaintiff might have suffered damages as a result of Defendant's failure to investigate or modify incorrect information in October 2021. Without any other relevant evidence in the record, I find that Defendant has not shown the absence of a genuine dispute of material fact on damages. Therefore, I deny summary judgment in favor of Defendant as to potential violations of the FCRA stemming from the September 2021 notice of dispute.

Finally, Plaintiff raises for the first time in her answering brief the argument that "Defendant failed in its duty to provide notice of dispute to credit bureaus [] [p]ursuant to 15 U.S.C. § 1681s-2(a)(3). . . . No notice of dispute was filed at credit bureaus for the duration of Defendant servicing Plaintiff's mortgage loan." (D.I. 104 at 3). The Third Circuit has held that "[p]rivate enforcement of. . . duties arising under § 1681s-2(a)[] is not permitted." *Seamans v. Temple Univ.*, 744 F.3d 853, 866 (3d Cir. 2014). As such, Plaintiff does not and cannot raise any claims predicated on Defendant's alleged violations of § 1681s-2(a).

For the foregoing reasons, Plaintiff's motion for summary judgment (D.I. 97) is DENIED. Defendant's motion for summary judgment (D.I. 98) is GRANTED IN PART and DENIED IN PART. I grant summary judgment in favor of Defendant as to the July 2022 notice of dispute and deny summary judgment as to the September 2021 notice of dispute.

IT IS SO ORDERED this 15th day of January 2026.

   /s/ Richard G. Andrews 
United States District Judge
